**BROWN v. LANE COTTON MILLS CO. et al. (two cases).**

**BROWN et al. v. LANE COTTON MILLS.**

Circuit Court of Appeals, Fifth Circuit. October 23, 1928.

Nos. 5414, 5420, 5438.

See, also, Real Estate Loan Co. v. Brown (D. C.) 23 F.(2d) 329.

No. 5414:

Oliver C. Hancock, of Atlanta, Ga., for appellant. .

Geo. C. Spence and Roy S. Drennan, both of Atlanta, Ga., for appellees.

No. 5420:

Oliver C. Hancock and Roy S. Drennan, both of Atlanta, Ga., for appellants.

George C. Spence, of Atlanta, Ga., for appellees.

No. 5438:

Oliver C. Hancock, of Atlanta, Ga., for appellant.

Geo. C. Spence, Max F. Goldstein, and Roy S. Drennan, all of Atlanta, Ga., for appellees.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. Each of these three appeals presents for review a ruling made in a case in which the appellee Lane Cotton Mills became a party by an intervention which asserted a claim the validity of which is not now questioned; that claim, which was reduced to judgment before the intervention was filed, being for the amount owing by appellant, Brown, under a contract between him and Lane Cotton Mills for the sale to him of certain mill property formerly owned by W. E. Floding, Inc., a bankrupt. ▇ One of the rulings in question is the disallowance of a counterclaim asserted by appellant, Brown, based on his purchase at a sale made by the trustee in bankruptcy of W. E. Floding, Inc., of the "right of action, if any, being in the nature of damages growing out of breach of contract or counterclaim for charges or otherwise growing out of sale of merchandise by Lane Cotton Mills to bankrupt." The allegations as to the existence of the right of action or counterclaim asserted were put in issue. The record does not contain the evidence adduced on the issue so raised. The record furnishes no basis for a finding that the material allegations of the pleading asserting the counterclaim were proved or admitted. It appears from the terms of the decree that the action of the court in denying relief sought by that pleading was based on the conclusion that the right asserted was adversely disposed of by a decision in the matter of W. E. Floding, Inc., bankrupt. Whether the ground on which the court adversely disposed of the counterclaim asserted was or was not a tenable one, its decree is not subject to be reversed, in the absence of a showing by the record .that the asserted counterclaim was established by the evidence. The record failing to show that the evidence adduced was such as to call for a finding that the asserted counterclaim was proved, it is not made to appear that the decree rejecting the counterclaim was erroneous.

▇ The appellant, Brown, unsuccessfully resisted the confirmation of the sale of certain mill machinery under the decree in favor of Lane Cotton Mills. The attack on the sale relied on in this court was based on the fact that the special master who conducted the sale prior to offering the machinery for sale made an announcement to the effect that he had been informed that Lane Cotton Mills had taken a lease upon the premises containing the machinery. It was disclosed that a previous sale had been set aside because of the making of a similar announcement, and that the attorney who represented Brown at the time of the sale in question resisted the confirmation of the former sale and was informed of the lease referred to. The evidence warranted the conclusion that no one who intended to bid at the sale was surprised by the information as to the existence of the lease, and that the bidding at the sale was not materially affected by the making of the announcement mentioned. We conclude that the court did not err in refusing to set aside the sale.

▇ After the above-mentioned purchase by Brown of certain mill property, he entered into a contract with W. E. Floding and Mary Floding for the operation of that property by a corporation to be organized, 600 shares of the capital of which were to be divided, in stated amounts, between Brown, W. E. Floding, Mary Floding, and James J. Keiley, after the payment of Brown's debt to Lane Cotton Mills. The business was carried on as contemplated by that contract, but the corporation provided for by that contract was not organized. When that property was sold under the decree in favor of Lane Cotton Mills, it brought an amount more than enough to pay the debt to Lane Cotton Mills, the costs of suit, and indebtedness incurred in the operation of the property. That surplus was ordered to be distributed by a decree which was in conformity with conclusions stated in the following extract from the opinion rendered by the District Judge [28 F.(2d) 910]:

"The contract provides for the formation of a company and certain dispositions to be made of the capital stock, of course,

representing the interests of those who were concerned in the company to be formed. I think the proper disposition of this case is to apply the equitable principle that equity regards that as done which should have been done, and to consider that the company was incorporated, that its stock had been issued in the name of Dr. Brown and had been put in escrow until the Lane Cotton Mills Company and other debts had been paid. This has all been accomplished. The contract then provides that the stock is to be re-issued in certain proportions to Dr. Brown, Mr. Floding, Miss Mary Floding and James J. Keiley. I think equity should regard that stock as having been so re-issued and that the parties who would have the stock had the contract been carried out should be considered as having the surplus assets in the same proportions."

For reasons stated in the just quoted extract, we think that decree properly disposed of the fund in question, and is not subject to be reversed at the instance of the appellant, Brown.

Each of the decrees under review are affirmed.