**SHERIDAN FLOURING MILLS, Inc., v. CASSIDY et al.***

No. 1502.

Circuit Court of Appeals, Tenth Circuit. Dec. 14, 1936.

George T. Evans, of Denver, Colo. (A. W. Lonabaugh, of Sheridan, Wyo., on the brief), for appellant.

Thomas G. Carney, Sp. Asst. to Atty. Gen. (Robert H. Jackson, Asst. Atty. Gen., Sewall Key, Andrew D. Sharpe, and Frederic G. Rita, Sp. Assts. to Atty. Gen., and Carl L. Sackett, U. S. Atty., of Cheyenne, Wyo., on the brief), for appellees.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PER CURIAM.

Sheridan Flouring Mills, Inc., brought this suit for an injunction, interlocutory and permanent, enjoining Cassidy, as collector of internal revenue, and Sackett, as United States Attorney, from requiring the plaintiff to file a return under title 3 of the Revenue Act of 1936, § 501, 49 Stat. 1734,

*Writ of certiorari denied 57 S. Ct. 491, 81 L. Ed. ———.

26 U.S.C.A. § 345, and from collecting from it any tax imposed by the provisions of such title.

The bill set up the requisite jurisdictional facts and further alleged: That the plaintiff obtained an interlocutory injunction in the District Court of the United States for the District of Wyoming in Sheridan Flouring Mills, Inc., Plaintiff, v. Thomas K. Cassidy, individually and as Collector of Internal Revenue of United States et al., No. 2463 In Equity, restraining the defendants therein from collecting from the plaintiff therein, processing taxes under the provisions of the Agricultural Adjustment Act, on condition that the plaintiff pay into the registry of such court, monthly, an amount equal to the taxes accruing against it under the provisions of the Agricultural Adjustment Act (as amended [7 U.S.C.A. § 601 et seq.]) that pursuant to such order, it paid into the registry of such court amounts aggregating $48,574.95; that thereafter the court entered its final decree in such cause directing the payment to the plaintiff therein of the amounts so deposited in the registry of the court and that plaintiff received from the clerk of such court $48,574.95; that the provisions of title 3 of the Revenue Act of 1936 (sections 501–506 [26 U.S.C.A. §§ 345–345e]) are unconstitutional and void; that the provisions of 26 U.S.C.A. § 322 and note (Revenue Act 1936, § 322) and sections 1670 to 1675, inclusive, providing for the credit or refund of overpayments of taxes and of taxes illegally collected, and for suits at law to recover overpayments of taxes and taxes illegally collected are inapplicable to taxes sought to be imposed and collected under the provisions of title 3, and that plaintiff is without an adequate remedy at law in the premises.

From an order denying the temporary injunction and a decree dismissing the bill, plaintiff has appealed.

After lodging its appeal here, plaintiff filed its petition in this court for a temporary restraining order pending appeal.

The provisions of title 3 here material read:

"Sec. 501. *Tax on net income from certain sources*

"(a) The following taxes shall be levied, collected, and paid for each taxable year (in addition to any other tax on net income), upon the net income of every person which arises from the sources specified below:

"(1) A tax equal to 80 per centum of that portion of the net income from the sale of articles with respect to which a Federal excise tax was imposed on such person but not paid which is attributable to shifting to others to any extent the burden of such Federal excise tax and which does not exceed such person's net income for the entire taxable year from the sale of articles with respect to which such Federal excise tax was imposed.

"(2) A tax equal to 80 per centum of the net income from reimbursement received by such person from his vendors of amounts representing Federal excise-tax burdens included in prices paid by such person to such vendors, to the extent that such net income does not exceed the amount of such Federal excise-tax burden which such person in turn shifted to his vendees.

"(3) A tax equal to 80 per centum of the net income from refunds or credits to such person from the United States of Federal excise taxes erroneously or illegally collected with respect to any articles, to the extent that such net income does not exceed the amount of the burden of such Federal excise taxes with respect to such articles which such person shifted to others." 26 U.S.C.A. § 345.

"Sec. 503. *Administrative provisions*

"(a) All provisions of law (including penalties) applicable with respect to taxes imposed by Title I of this Act [subchapters A, B and C of this chapter], shall, insofar as not inconsistent with this title [subchapter], be applicable with respect to the taxes imposed by this title [subchapter]." 26 U.S.C.A. § 345b.

The asserted right to relief in equity is predicated upon two principal propositions:

1. That title 3 is unconstitutional.

2. That the provisions of 26 U.S.C.A. § 322 and note (Title 1 of the Revenue Act of 1936, 49 Stat. 1731) relating to refunds or credits of overpayments of income taxes and to suits at law to recover same, and the provisions of 26 U.S.C.A. §§ 1670 to 1675, inclusive, relating to abatements, credits, and refunds of taxes and penalties erroneously, illegally, or wrongfully collected and to suits at law to recover same, have no application to taxes collected under title 3 or that their application thereto is

so doubtful as to render its remedy to pay the taxes and sue to recover them back at law uncertain.[1]

The appeal from the denial of an interlocutory injunction and the petition for a stay here have been argued and submitted.

We pass the constitutional question and assume, but do not decide, in disposing of the matters now before us, that title 3 is unconstitutional.

26 U.S.C.A. § 1543, provides:

"No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

■ It is settled that, notwithstanding the provisions of section 1543, supra, a court of equity may grant injunctive relief as against the assessment or collection of a federal tax, where extraordinary and exceptional circumstances render its provisions inapplicable. Dodge v. Brady, 240 U. S. 122, 126, 36 S.Ct. 277, 60 L.Ed. 560; Hill v. Wallace, 259 U.S. 44, 62, 42 S.Ct. 453, 66 L.Ed. 822; Miller v. Standard Nut Margarine Co., 284 U.S. 498, 509, 510, 52 S.Ct. 260, 263, 76 L.Ed. 422. In the case last cited, the court said:

"And this court likewise recognizes the rule that, in cases where con ?lainant shows that in addition to the illegality of an exaction in the guise of a tax there exist special and extraordinary circumstances sufficient to bring 'the case within some acknowledged.head of equity jurisprudence, a suit may be maintained to enjoin the collector."

Counsel for plaintiff assert that section 322 is limited to an "overpayment of any tax," that is to an exaction in excess of the amount due, and that the payment of a tax exacted under an unconstitutional statute is not an "overpayment," since no tax is due.

They further assert that the intent and purpose of title 3 is to exact from those who either did not pay or paid and recovered back processing taxes under the Agricultural Adjustment Act, a tax equal to 80 per cent. of the amount of such processing taxes that were shifted to others, on the ground of their unjust enrichment; that it is contrary to the intent and purpose of title 3 to refund the taxes imposed thereunder, even though their exaction is illegal; and, therefore, the provisions with respect to refunds and credits above referred to are inconsistent with title 3 and inapplicable to the taxes sought to be imposed thereby.

They say this intent to exact the tax irrespective of its legality is further manifested by the provisions of title 7 of the Revenue Act of 1936, §§ 901–917, 49 Stat. 1747 (7 U.S.C.A. §§ 623 note, 644 et seq.), limiting the right to refunds of taxes paid under the Agricultural Adjustment Act.

We doubt that the word "overpayment" should be construed so narrowly as to make it applicable only to excessive payments. But if it should be so construed, then the general provisions of section 1670, supra, become applicable, if the tax is illegal.

Title 3 is no part of the Agricultural Adjustment Act. It is a distinct and separate title of the Revenue Act of 1936. It undertakes to levy a tax on net income of every person arising from certain specified sources, to wit, from the sale of articles, with respect to which a federal excise tax was imposed but not paid and shifted to others; or from reimbursement received by such person from his vendors of amounts representing federal excise taxes, which such person in turn shifted to his vendees; or from refunds or credits of federal excise taxes erroneously or illegally collected, the amount of which was shifted to others. And we find nothing in its provisions inconsistent with the refund of a tax imposed and collected thereunder if it is an unconstitutional exaction.

■ Section 503 (a) of title 3 (26 U.S.C. A. § 345b (a) is a common method of adopting, by cross-reference, the administrative provisions for one form of tax for the administration of another form of tax. See

---

[1] Section 322, supra, in part reads:

"(a) *Authorization.* Where there has been an overpayment of any tax imposed by this chapter, the amount of such overpayment shall be credited against any income, war-profits, or excess-profits tax or installment thereof then due from the taxpayer, and any balance shall be refunded immediately to the taxpayer."

Section 1670, supra, in part reads:

"*Authority to make abatements, credits, and refunds*

"(a) *To taxpayers* — (1) Assessments and collections generally. Except as otherwise provided by law in the case of income, estate, and gift taxes, the Commissioner, subject to regulations prescribed by the Secretary, is authorized to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected."

the provision in title 4, Revenue Act of 1932, § 627, 47 Stat. 269 (26 U.S.C.A. § 1420 et seq. note). The purpose of the phrase, "insofar as not inconsistent with this Title," was to exclude from the reference administrative provisions covered by title 3, such as the time for filing returns, and for making payment of taxes and extensions of time for payment of taxes. See section 503 (b) and (c) of title 3 (26 U.S.C.A. § 345b (b, c). We think it was not intended to render inapplicable the provisions of section 322 and sections 1670 to 1675, inclusive.

 Furthermore, if title 3 is unconstitutional, section 503 (a) falls as an integral part thereof leaving section 322 and sections 1670 to 1675, inclusive, unaffected. An unconstitutional enactment cannot limit or impair plaintiff's rights and remedies under the last-mentioned sections. It follows that if title 3 is unconstitutional a tax paid thereunder is either an overpayment within the provisions of section 322 or an illegal tax within the provisions of section 1670. In other words, if plaintiff pays the tax and sues to recover it, and title 3 is constitutional, it will not be entitled to recover back the tax, and if it is unconstitutional, it will be entitled to recover back the tax notwithstanding any possible limitation sought to be imposed by section 503 (a) of title 3.

Moreover, in the brief filed herein by Hon. Robert H. Jackson, Assistant Attorney General, and his associate counsel, section 503 (a), supra, is construed as rendering section 322 and sections 1670 to 1675, inclusive, applicable to the taxes imposed by title 3. We are of the opinion that if the construction of title 3 and particularly section 503 (a) thereof is doubtful, this administrative construction would bind the Commissioner of Internal Revenue in any future dealings with the plaintiff with respect to the taxes imposed by title 3. See American T. & T. Co. v. United States, 57 S.Ct. 170, 81 L.Ed. —— (decided Dec. 7, 1936.)

The order denying an interlocutory injunction is affirmed.

The petition for a temporary injunction pending the appeal herein is denied.

A temporary injunction restraining the defendants from requiring plaintiff to file a return and from collecting any tax under the provisions of title 3 is granted for a period of fifteen days from this date and for such further time as this court may

order, to enable plaintiff to petition the Supreme Court of the United States for certiorari and for a temporary injunction restraining defendants from requiring plaintiff to file a return and from collecting any tax under title 3, pending a disposition of the petition for certiorari.

The defendants will be enjoined from assessing or collecting any penalties against plaintiff for failing to file a return or to pay any tax under title 3 within the period the temporary injunction of this court is in force.

