HELMBRIGHT v. JOHN A. GEBELEIN, Inc.

No. 2496.

District Court, D. Maryland.

June 9, 1937.

J. Willison Smith, Jr., James A. Montgomery, Jr., Humbert B. Powell, and George Wharton Pepper, all of Philadelphia, Pa., and John Holt Richardson, of Baltimore, Md., for plaintiff.

Gerald W. Hill, of Baltimore, Md., for defendant.

Bernard J. Flynn, U. S. Atty., of Baltimore, Md., for government.

CHESNUT, District Judge.

Counsel for the plaintiff in this stockholder's bill in equity frankly profess the object is to obtain as promptly as possible and without the delay incidental to the prescribed administrative procedure, a final authoritative judicial decision as to the constitutionality of title 3 of the Federal Revenue Act of 1936, c. 690, § 501, 49 Stat. 1648, 1734 (26 U.S.C.A. § 345), entitled "Tax on Unjust Enrichment" popularly known as the "Windfall Tax."

The statute has recently been held constitutional by the Circuit Court of Appeals for this Circuit [White Packing Co. v. Robertson, Collector, 89 F.(2d) 775], but it is said that the taxpayer has not applied to the Supreme Court for certiorari in the case; and other cases in other Circuits attacking the bill have been dismissed on procedural grounds. The purpose here is to present a case for the ultimate decision of the Supreme Court, if jurisdiction is taken on certiorari, which will be free from procedural difficulties.

The case takes the form of a suit by a non-resident minority stockholder of John A. Gebelein, Inc., a Maryland corporation, engaged in Baltimore City in the pork packing business, against the corporation which is the only defendant named in the bill. The Collector of Internal Revenue of Baltimore City charged with the duty of collecting the tax is not made a party defendant; but in the prayer for process it was prayed by the plaintiff:

"b. That a notice issue to the United States Attorney for the District of Maryland, accompanied by a copy of this bill, inviting him to appear on behalf of the United States, either as a party defendant or as amicus curiae; and, in the latter event, tender to him the right, by stipulation or otherwise, to call, examine and cross-examine witnesses and to participate in oral argument to the same effect as if the United States were a party."

In response to this invitation and after obtaining permission of the court to do so, Mr. Bernard J. Flynn, United States Attorney for the District of Maryland, has appeared and filed a motion to dismiss the bill of complaint for the reasons hereinafter stated.

In short substance, the bill alleges compliance with Equity Rule 27, 28 U.S.C.A. following section 723 (relating to stockholders' suits) so far as the same is applicable to this case (there being no defendant other than the corporation); and that during the years 1933 and 1934 and for a portion of 1935 the corporation paid processing taxes under the Agricultural Adjustment Act (7 U.S.C.A. § 601 et seq.) in the total amount of $149,257.60, representing all such taxes assessed against it from November 5, 1933 (the beginning of the tax period), to December 31, 1934; that thereafter the defendant, Gebelein, Inc., filed a suit in this court against the Collector of Internal Revenue for the District of Maryland to enjoin further required payment of the tax on the ground that it was unconstitutional, and on October 2, 1935, obtained a decree of this court to that effect, an appeal from which decree was dismissed after the Supreme Court of the United States on January 6, 1936, held the Agricultural Adjustment Act unconstitutional in the case of United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L. Ed. 477, 102 A.L.R. 914; that thereafter there was passed and approved on June 22, 1936, the Act of Congress known as the "Windfall Tax" which imposes a tax of 80% upon the net income "attributable to shifting to others to any extent the burden of" the processing tax under the Agricultural Adjustment Act. The bill further alleges that the so-called Windfall Tax is unconstitutional and void, in violation of the Fifth Amendment with regard to due process of law particularly (a) in that the subject matter of the tax is not certain or definite and cannot be made certain or definite; (b) that the formula set up in the statute for the determination of the tax is based on a presumption which has no reasonable relation to the subject matter of the tax and is purely arbitrary, illusory and unreasonable and retroactive and (c) is unreasonably discriminatory with respect to the persons required to

pay the tax. The bill further alleges that it would be impossible for the defendant to calculate and determine from its records the data necessary for the computation of the tax; and that she has heretofore made demand upon the Board of Directors and subsequently at a meeting of the stockholders, that payment of the tax be resisted by the corporation, which nevertheless the plaintiff is informed intends to file a return showing a tentative computation of the tax due in the amount of $29,000. The plaintiff further alleges that the computation so made is not in accordance with the formula described by the Act and does not truly show the tax due which as alleged is impossible of calculation. Finally, the bill prays that the court declare the tax unconstitutional and void; and that the corporation be temporarily and perpetually enjoined "from filing any return which admits any liability for the tax on unjust enrichment and from paying to the Collector of Internal Revenue any such tax or any portion thereof."

The defendant corporation has filed a brief answer in substance admitting the factual averments of the bill but setting out that "as a matter of business judgment, the Board of Directors believes it would be better to make such computation as the corporation can and determine to the best of its ability the figure, which it will return as a tax, and pay the same if within the defendant corporation's ability. This course will, the defendant believes, with the least expense and in the most expeditious manner dispose of a troublesome problem which threatens the very business life of the defendant corporation. Such a course will, in the judgment of the Board of Directors, be to the mutual benefit of the defendant corporation and its stockholders. * * * And although this defendant has filed a tentative return with the Collector of Internal Revenue, at Baltimore, Maryland, which return shows an estimated tax of $29,000, as is due under title 3, section 501 of the Revenue Act of 1936, it has not completed its final return and has not paid any tax."

The motion to dismiss the bill filed by the United States as *amicus curiæ* is based on the following grounds:

1. Lack of jurisdiction of the court by reason of Revised Statutes, § 3224 (U.S.C., title 26, § 1543 [26 U.S.C.A. § 1543]), which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court";

2. Lack of equity jurisdiction in the averments of the bill, and

3. "Making of the return and payment of the tax by the defendant corporation, herein sought to be enjoined, will not result in irreparable injury either to the defendant corporation or to the plaintiff, since the defendant corporation by reason of the statutes in such case made and provided, has a full, complete and adequate remedy at law to recover after payment any taxes erroneously assessed or illegally collected under the provisions of Title 3 of the Revenue Act of 1936 [section 501 et seq. (26 U.S.C.A. § 345 et seq.)]."

Counsel for the plaintiff object to the consideration of this motion to dismiss by the United States Attorney appearing *only* as amicus curiæ. It is said that this status is not sufficient to justify the affirmative aggressive action of the motion to dismiss the bill, which has not been made by the defendant. But this objection does not seem substantial in view of the special invitation given by the plaintiff to the United States Attorney to appear in the case. This special invitation was doubtless given for the purpose of avoiding any possible colorable contention that a suit of this nature between a stockholder and her corporation against the payment of the tax was legally collusive, especially as the court knows from its own records in the former suit here by the defendant corporation against the Collector of Internal Revenue that the counsel now appearing for the plaintiff are the same counsel who there appeared for the defendant corporation. It will be noted that in the motion to dismiss the United States Attorney has not suggested that the suit is in any way a collusive one. But it is obvious that as the Collector of Internal Revenue is not made a party defendant the court would probably not have the benefit of the full argument from actually adversely interested parties which is so desirable if not actually necessary in a case of this nature affecting even indirectly a question of such public importance as the validity of the "Windfall Tax," unless the Government was represented in some capacity. I therefore put aside the objection to the motion and hold that it should be considered on its merits. The particular point of procedure in this case would seem to be of no controlling im-

portance, however, as the objections made in the motion are of a nature that the court could properly itself notice *sua sponte*. Lewis v. Cocks, 23 Wall. 466, 23 L.Ed. 70; Twist v. Prairie Oil Co., 274 U.S. 684, 690, 47 S.Ct. 755, 757, 71 L.Ed. 1297; Matthews v. Rodgers, 284 U.S. 521, 524, 52 S.Ct. 217, 219, 76 L.Ed. 447; Commonwealth of Pennsylvania v. Williams, 294 U. S. 176, 55 S.Ct. 380, 79 L.Ed. 841, 96 A. L.R. 1166; Best v. District of Columbia, 291 U.S. 411, 415, 54 S.Ct. 487, 489, 78 L. Ed. 882; Oscanyan v. Arms Co., 103 U.S. 261, 26 L.Ed. 539.

Coming now to the merits of the several grounds advanced in the motion, I take the view that Revised Statutes, § 3224 (26 U.S.C.A. § 1543), is not of itself necessarily an absolute bar to the maintenance of this suit. If the Collector had been made a party defendant, the situation would be different. White Packing Co. v. Robertson, Collector (C.C.A.4) 89 F.(2d) 775. See, also, Helvering v. Davis, 57 S.Ct. 904, 81 L.Ed. ——, (Re Social Security Act), May 24, 1937, distinguishing Norman v. Consolidated Gas Co., 89 F.(2d) 619 (C.C.A.2). The structure of the case is not such as to fall literally within the prohibition of the section. If the decree asked for were granted, it would be effective only against the defendant corporation and would not in legal effect enjoin or restrain the Collector from enforcing the provisions of the tax law and the procedure applicable thereto against the defendant corporation. Also there are decisions of the Supreme Court to the effect that the particular statute is not a bar to the maintenance of suits even against the Collector where there are special equitable circumstances, in addition to the contention that the taxing act is unconstitutional, although the latter of itself is not a sufficient ground for maintaining such a suit in the face of the statute. Miller, Collector, v. Standard Margarine Nut Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Hill v. Wallace, 259 U.S. 44, 42 S.Ct. 453, 66 L.Ed. 822; Bailey v. George, 259 U.S. 16, 42 S.Ct. 419, 66 L.Ed. 816; Rickert Rice Mills v. Fontenot, 297 U.S. 110, 56 S.Ct. 374, 80 L.Ed. 513; John A. Gebelein, Inc., v. Milbourne, 12 F.Supp. 105, 118 (D.C.Md.). Even more importantly the Supreme Court in a number of cases has accepted jurisdiction and held taxing statutes unconstitutional, despite the existence and otherwise apparent applicability of R.

S. § 3224, in stockholders' suits of the same general nature as the instant case. Pollock v. Farmers' Loan & Trust Co., 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759; Brushaber v. Union Pacific R. R. Co., 240 U.S. 1, 10, 36 S.Ct. 236, 60 L.Ed. 493, L.R.A.1917D, 414, Ann.Cas.1917B, 713; Stanton v. Baltic Mining Co., 240 U.S. 103, 36 S.Ct. 278, 60 L.Ed. 546; Carter v. Carter Coal Co., 298 U.S. 238, 56 S.Ct. 855, 80 L.Ed. 1160; Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688. However, this is not to say that R. S. § 3224 does not have an important bearing on this case in other respects. It does very clearly outline the national policy with respect to the public inconvenience which would result from interference with the normal collection of the public revenues, and emphasizes the importance of careful judicial scrutiny of the bill of complaint in this case to ascertain whether the plaintiff is faced with an irreparable and irremediable injury if the relief prayed for is not granted. This leads directly to a consideration of the other grounds for dismissal of the suit, which are that the plaintiff's bill as a whole does not make a case for equitable relief, particularly because, taking the averments of the bill in relation to the federal statutes as a whole providing the procedure in tax cases of this nature, there does not appear to be irreparable injury threatened to the plaintiff. And on this ground (and another to be hereafter stated), I have reached the conclusion that the bill must be dismissed. See Norman v. Consolidated Edison Co. (C.C.A.2) 89 F. (2d) 619. In the Supreme Court cases just cited, where the stockholders' suit was sustained, there existed the feature of irreparable injury to the plaintiff.

What the plaintiff is seeking is an injunction to prevent the corporation in which she holds stock from making a return in compliance with the taxing law and paying the tax. It appears from the defendant's answer that the corporation has already made a tentative return, so that the injunction in that respect if granted, would be futile. And it is to be importantly noted that even if the corporation pursues its announced intention of paying the tax in the amount disclosed in the tentative form (even if paid without protest under existing statutes) there is nothing legally to bar the corporation from thereafter petitioning for a refund of the tax on any valid ground. And if the petition is refus-

ed the corporation may bring suit in a district court of appropriate jurisdiction for recovery of the tax from the Collector; in which case the question of the constitutionality of the tax and any other relevant matter affecting the validity of the assessment will be open for decision. Or, in the alternative, if the corporation elects so to do, the validity of the tax and the proper amount thereof as determined by the Commissioner may be made the subject of an appeal by the taxpayer to the Board of Tax Appeals with further appeal to the Circuit Court of Appeals. Because, as the United States Attorney in his brief points out, the tax on unjust enrichment as enacted by title 3 of the Revenue Act of 1936 (section 501 et seq. [26 U.S.C.A. § 345 et seq.]) has the status of an income tax such as that comprehended in title 1 of the same Revenue Act (section 1 et seq. [26 U.S.C.A. § 1 et seq.]); and by section 503 of title 3 (26 U.S.C.A. § 345b) the administrative provisions applicable to title 1 are made applicable to Title 3, with certain exceptions not material here. See Sheridan Flouring Mills v. Cassidy (C.C.A. 10) 87 F.(2d) 20; Steinhagen Rice Milling Co. v. Scofield (C.C.A.5) 87 F.(2d) 804, certiorari denied 57 S.Ct. 494, 81 L.Ed. ——. And furthermore since the Revenue Act of 1924 abolished the necessity of a protest at the time of payment (Moore Ice Cream Co. v. Rose, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265) the mere payment without protest so long as a petition for refund is filed within due time, is no longer irremediable; and in this respect the plaintiff's suit would seem to be premature. If, after payment of the tax, the defendant fails for a reasonable length of time to take proper legal steps to recover the amount paid and wilfully refuses to do so upon request, a different case factually might be presented for equitable relief. But that is not the situation which now exists. The announced determination of the corporation to pay the tax, in the absence of any determination not to seek to recover it, merely evinces a choice of business policy on the part of the corporation with regard to the subject matter; and the courts are naturally very reluctant to interfere with corporate management while being exercised in good faith in mere matters of policy. Corbus v. Alaska Gold Mining Co., 187 U.S. 455, 23 S.Ct. 157, 47 L.Ed. 256; United Copper Securities Co. v. Amalgamated Copper Co., 244 U.S. 261, 37 S.Ct. 509, 61 L.Ed. 1119.

There is another, equally if not more imperative, reason for dismissing the bill. The ultimate object of the suit is to obtain an adjudication as to the constitutionality of the tax on unjust enrichment. This question has very recently been decided in favor of the constitutionality of the tax by the Circuit Court of Appeals for this Fourth Circuit in the case of White Packing Co. v. Robertson, Collector, 89 F.(2d) 775. All the grounds of attack on the constitutionality of the Act which are here advanced were there considered and rejected by the Circuit Court of Appeals in an opinion by Circuit Judge Parker. The decision is, of course, controlling authority in this case. And, as the ultimate object of this suit is to obtain an adjudication that the "windfall tax" is unconstitutional, it is apparent that the suit would have to be ultimately dismissed, if not now dismissed on the present motion, in the absence of a different decision by the Supreme Court in the White Packing Co. Case or some other presenting the question. This is not disputed by counsel for the plaintiff, but it is said that the taxpayer in the White Packing Company Case has not applied for certiorari to the United States Supreme Court, in view of its decision on May 17th last in the case of Anniston Mfg. Co. v. Davis, Collector, 57 S. Ct. 816, 823, 81 L.Ed. ——, and that there is not now known to be any other case pending which does present the question. Plaintiff's consel therefore urges that this bill should not be now dismissed, but that full testimony should be taken in support of the averments of the bill, so that the case may be ultimately presented on a "full record." What is sought is a final determination of the substantial question of the validity of the tax, in advance of the prescribed procedure in the office of the Commissioner of Internal Revenue, in accordance with the nature and particularities of proof required by the taxpayer in relation to the controlling issue as to whether the tax has been *shifted* to others. What is especially stressed is the alleged impossibility of determination of that fact on any available proof; and it is urged that the peculiar situation of the plaintiff and others similarly situated in this respect justifies a legal "short circuiting" of the usual internal revenue procedure in this case. But the recent decisions in White Packing Company and Anniston Mfg. Company, very clearly indicate that the difficulties of proof as alleged do not justify the re-

lief now sought. In the latter case the Supreme Court affirmed dismissal of a suit of a taxpayer against the Collector of Internal Revenue to recover cotton processing taxes paid under the Agricultural Adjustment Act of 1933, the taxpayer not having complied with the administrative provisions of title 7, sections 901 to 907 of the Revenue Act of 1936 (7 U.S.C.A. §§ 623 note, 644–649), which required the taxpayer in effect to show that he had not *shifted* the tax to others, and provided a new administrative procedure for the recovery of such taxes, superseding the procedural system in effect when the taxes had been paid and which still continued in force when the suit was instituted. The taxpayer contended that the substituted remedy, which involved the repeal of the right to sue the Collector for refund and in lieu thereof gave the taxpayer the right to petition from the Commissioner's ruling to a Board of Review in the Treasury Department, with judicial review of its ruling by the Circuit Court of Appeals, was inadequate and in substance deprived the taxpayer of due process of law. Particularly the taxpayer objected to the revised procedure for recovery of taxes paid under the unconstitutional enactment on the ground that it was practically impossible for it to meet the conditions of recovery imposed on the taxpayer by the Act. As to this, the Court said:

"Petitioner's contention as to impossibility of proof is premature. Manifestly there is no impossibility so far as the production of proof of petitioner's operations or course of business is concerned. What is meant by impossibility of proof is impossibility of determination after these facts are in. Whether or not any such impossibility of determination will exist is a question which properly should await the ascertainment of the facts. For the present purpose it is sufficient to hold, and we do hold, that the petitioner may constitutionally be required to present all the pertinent facts in the prescribed administrative proceeding and may there raise, and ultimately may present for judicial review, any legal question which may arise as the facts are developed."

It results that the bill of complaint must be dismissed with taxable court costs to be paid by the plaintiff. Counsel may present the appropriate order in due course. No special findings of fact and conclusions of law, in accordance with Equity Rule

70½, 28 U.S.C.A. following section 723, would seem to be necessary in addition to this opinion, as the ruling is upon the motion to dismiss which, in this case, admits the facts as alleged in the bill.