T.C. Memo. 2001-91

UNITED STATES TAX COURT

RONALD AND DORTHEA JOLING, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1895-00.                    Filed April 13, 2001.

Ronald and Dorthea Joling, pro sese.

Wesley F. McNamara, for respondent.


MEMORANDUM OPINION

GERBER, Judge:  This case is before us on petitioners'
motion for summary judgment.  Respondent determined deficiencies
in and additions to petitioners' Federal income tax for the 1994,
1995, and 1996 taxable years as follows:

## Petitioner Ronald Joling

|      |            | Additions to Tax             |             |
|------|------------|------------------------------|-------------|
| Year | Deficiency | Sec. 6651(a)(1)[1]           | Sec. 6654   |
| 1994 | $321,469   | $80,367.25                   | $16,681.58  |
| 1995 | 305,884    | 76,471.00                    | 16,585.83   |
| 1996 | 202,367    | 45,532.58                    | 10,771.06   |

## Petitioner Dorthea Joling

|      |            | Additions to Tax  |            |
|------|------------|-------------------|------------|
| Year | Deficiency | Sec. 6651(a)(1)   | Sec. 6654  |
| 1994 | $61,332    | $15,333.00        | $3,182.64  |
| 1995 | 81,511     | 20,377.75         | 4,419.71   |
| 1996 | 64,530     | 14,519.25         | 3,434.63   |

[1] Respondent also determined that each petitioner is liable, for each taxable year, for an addition to tax under sec. 6651(a)(2) in an amount to be computed.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the periods under consideration.

Petitioners did not file returns, contending that their sources of income were not taxable. After respondent determined tax deficiencies, petitioners brought forward documentation in an attempt to show that they are entitled to deductions, if it is decided that their income is from a source that is taxable. Petitioners have moved for partial summary judgment on the legal question of whether income from several sources, including their trucking business, motel business, real estate sale, and bank

interest is the type of income that is taxable under the Internal Revenue Code.[1]

Background

Petitioners resided at Coquille, Oregon, at the time their petition was filed in this case. Petitioners filed Forms 1040, U.S. Individual Income Tax Return, for years prior to 1992. For 1992 and subsequent years, including the years in issue, petitioners filed Forms 1040NR, U.S. Nonresident Alien Income Tax Return, generally reflecting that they were not subject to income tax. For the years 1994, 1995, and 1996, petitioner Ronald Joling hauled goods by truck in return for compensation. During the years 1994, 1995, and 1996, petitioners owned the Myrtle Lane Motel, from which they received income from rental proceeds. During the years 1994, 1995, and 1996, petitioners received income from payments received for the sale of real property. For 1996, each petitioner received income from a

---

[1] In their argument, petitioners reference sec. 1.6662-4(d)(3)(iii), Income Tax Regs., concerning the definition of "substantial authority" for purposes of the accuracy-related penalty of sec. 6662. No accuracy-related penalty, however, is in issue here. Respondent determined income tax deficiencies and additions for delinquency (late-filing) and failure to pay estimated tax. In that regard, petitioners have admitted that they did not report income and/or file Forms 1040, U.S. Individual Income Tax Return, for the years in issue. Accordingly, we assume that petitioners' reference to substantial authority is some form of guideline or standard by which they personally measure their acceptance of their legal conclusion that the income tax is, in reality, an excise tax, a subject that is discussed infra.

distribution due to the liquidation of individual retirement accounts and/or pension plan.  During the years 1994, 1995, and 1996, petitioners received interest income from bank account(s).

Discussion

Petitioners' legal premise is that the income tax is actually an excise tax and that they did not engage in any "excise taxable activities" during the years in issue.[2] Petitioners have gone to great lengths to support their premise by citing cases, statutes, and related legal materials.  After thorough review, we hold that petitioners' legal premise is in error and that petitioners have misconstrued the cited legal materials.  We briefly review petitioners' arguments.

Petitioners present their legal argument in the classic syllogistic form; i.e., (1) "the income tax is * * * an indirect tax, in the nature of an excise [tax]"; (2) petitioners engaged in no activity that is subject to excise tax; (3) therefore, petitioners are not subject to tax.  Petitioners' initial premise, however, is fallacious in treating the income tax as synonymous with, or the same as, an excise tax.  Petitioners' reasoning is specious and circuitous in other respects. Petitioners' initial premise derives from early Supreme Court cases where the constitutionality of an income tax was being

---

[2] Petitioners specifically concede that "the federal income tax laws are valid and constitutional."

- 5 -

tested.  The early cases considered the 16th Amendment, which authorized Congress to impose a tax on income without apportionment among the States.  The Supreme Court referred to the income tax as an indirect tax in "the class of excises, duties, and imposts".  Brushaber v. Union Pac. R.R., 240 U.S. 1, 15 (1916).  For example, petitioners cite the following cases: Cook v. Tait, 286 F. 409, 412 (D. Md. 1923), affd. 265 U.S. 47 (1924); Brushaber v. Union Pac. R.R., supra; Stanton v. Baltic Mining Co., 240 U.S. 103 (1916); White Packing Co. v. Robertson, 89 F.2d 775, 779 (4th Cir. 1937).

From those cases, petitioners postulate that the "income tax" is an "excise tax", and that petitioners can show that their activities (receipts) are not subject to the imposition of the U.S. excise tax.  Petitioners have presented several other unfounded arguments (legal and procedural) and peppered the Court with a large volume of material in an attempt to be persuasive. In sum and substance, petitioners have persuaded this Court only that they are highly motivated in their attempt to avoid being subjected to a Federal tax on their income.

Wherefore, petitioners' motion for summary judgment will be denied.

An appropriate order

will be issued.