**STEINHAGEN RICE MILLING CO. v. SCOFIELD, and four other cases.**

Nos. 8293–8297.

Circuit Court of Appeals, Fifth Circuit.

Jan. 21, 1937.

Homer L. Bruce and John P. Bullington, both of Houston, Tex., for appellants.

Helen R. Carloss and Sewall Key, Sp. Assts. to Atty. Gen., Robert H. Jackson, Asst. Atty. Gen., and W. R. Smith, Jr., U. S. Atty., and H. W. Moursund, Asst. U. S. Atty., both of San Antonio, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

These cases present the same question and were submitted at the same time. They may be conveniently disposed of by one opinion. In each case an injunction was sought to stay the collection of the so-called "Windfall Tax" imposed by the Revenue Act of 1936, § 501, 26 U.S.C.A. § 345, on unjust enrichment. In each case an injunction was denied and the bill was dismissed, on the ground that section 3224, Rev.Stat. (26 U.S.C.A. § 1543), deprived the court of jurisdiction to entertain the suit. .

It appears from the bills that appellants are rice millers and were subject to the processing taxes on rice under the provisions of the Agricultural Adjustment Act, as amended (7 U.S.C.A. § 601 et seq.). They filed suits against appellee to enjoin collection of that tax and deposited the amount of the tax in court. After the decision in Rickert Rice Mills v. Fontenot, 297 U.S. 110, 56 S.Ct. 374, 80 L.Ed. 513, which held the processing tax to be illegal, permanent injunctions were issued by the District Court and the money deposited was returned. The tax, collection of which is now sought to be enjoined, would be imposed on this money by the provisions of the 1936 Revenue Act as an unjust enrichment entering into the income of appellant.

Briefly stated, the contentions of appellant are: That the tax is illegal as its purpose is to recover the illegal processing taxes; that the tax is novel, applying only retroactively to transactions prior to January, 1936, and is very arbitrary and capricious; that it deprives them of their property without due process at law in violation of the Fifth Amendment; that it is not an income tax within the meaning of the Sixteenth Amendment; that the collector would be guilty of a trespass in attempting the collection of the tax; that appellants are entitled to an injunction because of exceptional circumstances; that if they do not file returns or pay the tax they will be subject to heavy penalties. As to the Gulf Coast Rice Mills the further contention is made that as this mill was not in business prior to August 1, 1935, the tax is unconstitutional as taxing that appellant on the basis of operations of other mills.

█ The Rickert Case, supra, has no application to the issues here presented. There is no doubt that the deposits returned entered into and increased appellants' in-

comes for the taxable year. It follows that the tax imposed upon the money recovered, considered an unjust enrichment, if the tax declared illegal was really paid by others, is an income tax, notwithstanding the rate of taxation is very much greater than that imposed on any other source of income; consequently, the administrative remedies applying to all income taxes are open to the taxpayer and in addition the tax may be paid and suit brought against the collector to recover it back. This provides for due process of law. The theory upon which a suit will lie against the collector is that he has committed a trespass. The courts cannot consider the purpose of Congress in imposing a tax. That the tax is novel and may be retroactive does not necessarily make it illegal. Reinecke v. Smith, 289 U.S. 172, 53 S.Ct. 570, 77 L.Ed. 1109; United States v. Hudson, 57 S.Ct. 309, 81 L.Ed. ——, decided January 11, 1937. Delinquency in the payment of any income tax subjects the taxpayer to heavy penalties and would not be an excuse for enjoining collection.

█ As to exceptional circumstances, appellants rely upon the fact that the processing tax was imposed on rough rice, which they buy but do not sell, selling only the clean rice after milling. They argue that it is impossible for them to prove whether any of the tax or all of it has not been passed on to the buyer. Difficulties in accounting do not create exceptional circumstances warranting disregard of section 3224 (26 U.S.C.A. § 1543). The same difficulty could as well be surmounted in taking advantage of the administrative provisions for relief or in a suit against the collector.

█ In the case of the Gulf Coast Rice Mills, the provision of the law for determining the amount of unjust enrichment on the basis of the operation of other mills is not of itself invalid. The same method is used in respect of other classes of business in determining the amount of income taxes where the taxpayers' own records do not furnish sufficient data.

█ If we were satisfied the tax is unconstitutional, that of itself would not warrant an injunction. Dodge v. Osborn, 240 U.S. 118, 36 S.Ct. 275, 60 L.Ed. 557; Bailey v. George, 259 U.S. 16, 42 S.Ct. 419, 66 L.Ed. 816. The conclusion we reach is that there are no exceptional circumstances that would bring the case within the ruling of Miller v. Standard Nut Margarine Co. of

Florida, 284 U.S. 498, 52 S.Ct. 260, 76 L. Ed. 422, and similar cases. Appellants have a plain and adequate remedy at law by suit against the collector and by administrative proceedings. All the objections to the tax raised by the bill may be presented in taking advantage of either of those remedies.

We find nothing in the bill that would warrant the issuing of an injunction in violation of Rev.St. § 3224 (26 U.S.C.A. § 1543). Citation of authorities is unnecessary to show the section is valid.

In each case the judgment appealed from is affirmed.