## BEELAND WHOLESALE CO. et al. v. DAVIS.*

### No. 8321.

Circuit Court of Appeals, Fifth Circuit.

Feb. 16, 1937.

*Writ of certiorari denied 57 S.Ct. 672, 81 L.Ed. —.

448

Wm. L. Martin and Walter Bouldin, both of Birmingham, Ala., for appellants.

J. P. Jackson and Sewall Key, Sp. Assts. to Atty. Gen., and Robert H. Jackson, Asst. Atty. Gen., and Jim C. Smith, U. S. Atty., of Birmingham, Ala., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

PER CURIAM.

The bill was brought by employers of eight or more affected by the tax laid in title 9 of the Social Security Act, § 901 et seq., 42 U.S.C.A. § 1101 et seq., against the Collector of Internal Revenue to enjoin him from enforcing title 9 and from attempting to collect taxes or penalties under it, and to obtain a declaratory decree that titles 3 and 9 (sections 301 et seq., 901 et seq. [42 U.S.C.A. §§ 501 et seq., 1101 et seq.]) are unconstitutional and void. The District Court denied injunction and dismissed the bill. This court has been asked to stay proceedings pending the decision of the appeal as well as to reverse the judgment. We shall decline to do either.

We pass by the question of the propriety of thus impleading the Collector before the Commissioner has assessed any tax and before any duty has devolved on the Collector and before he has made any threat to do anything. Had the Commissioner instead of the Collector been impleaded the bill must fail. A decree "with respect to Federal taxes" is expressly excepted from the jurisdiction to make declaratory decrees. 28 U.S.C.A. § 400 (Jud.Code, § 274d, as amended Aug. 30, 1935, § 405, 49 Stat. 1027).

The remedy by injunction is equally unavailing because of R.S. § 3224, 26 U.S.C.A. § 1543, which prohibits suit in any court "for the purpose of restraining the assessment or collection of any tax." The impositions of title 9 are said not to be a tax but a part of a wholly unconstitutional and void plan by the Congress to exceed its powers and to inflict penalties for a refusal to comply, citing United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914; Carter v. Carter Coal Co., 298 U.S. 238, 56 S.Ct. 855, 80 L.Ed. 1160. They are not so clearly such as to justify inferior courts in transgressing the provision of R.S. § 3224. Congress calls the imposition an excise tax, and such it is on its face. The money raised goes as free funds into the Treasury. The Social Security Act contains an express severability clause. Section 1103 (42 U.S.C.A. § 1303). There are appropriations in the act which this and other taxes laid in the act are probably intended to offset, but one is not made dependent on the other. This tax is said to have a special connection with unemployment compensation, but it does not balance the appropriation made for that purpose. The appropriation is a fixed annual sum to be expended mostly in aiding State administrations, but the tax comes from all States whether there are any State administrations or not and will vary greatly. The tax by reason of its provision for a credit of payments made to State unemployment relief (compare Florida v. Mellon, 273 U.S. 12, 47 S.Ct. 265, 71 L.Ed. 511) will raise less money as State systems arise, and until many do will raise many times this annual appropriation. Congress has recently spent billions because of unemployment in the United States, and this tax may be intended to recoup in part this expenditure, independently of future State unemployment compensation; or there may be a purpose to encourage such State action in the future in order hereafter to lessen the Congressional burden from this cause. These suggestions render it impossible to say that the tax in question is not in truth a tax laid for the general welfare of the United States. But if we thought otherwise, relief by injunction in an inferior court is not ordinarily available to stop even an unconstitutional tax before its unconstitutionality has been settled by the Supreme Court. The differing judgments of many courts may not thus embarrass the fiscal operations of the United States. Steinhagen Rice Milling Co. v. Scofield (C.C. A.) 87 F.(2d) 804; Dodge v. Osborn, 240 U.S. 118, 36 S.Ct. 275, 60 L.Ed. 557; Bailey v. George, 259 U.S. 16, 42 S.Ct. 419, 66 L.Ed. 816.

The judgment is affirmed.