## ALLEN v. SHELTON et al.*
### No. 8699.

Circuit Court of Appeals, Fifth Circuit.
April 16, 1938.

Thomas G. Carney, Sp. Asst. to Atty. Gen., and T. Hoyt Davis, U. S. Atty., of Macon, Ga., for appellant.

E. K. Wilcox, T. G. Connell, Harley Langdale, and B. Lamar Tillman, all of Valdosta, Ga., and H. L. Anderson, of Jacksonville, Fla., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order granting a preliminary injunction against appellant which restrains him from assessing or collecting any tax, interest, or penalty imposed under sections 801, 804, 807, or 901 of the Social Security Act, c. 531, 49 Stat. 620, 42 U.S.C.A. §§ 1001, 1004, 1007, 1101.

Appellees are engaged in producing crude gum or oleo-resin by the scarification of living pine trees, and in processing the same for the production of gum spirits of turpentine and gum rosin. They claim that these commodities are produced by agricultural labor and that employment with reference thereto is excepted from the provisions of said act by section 907 (c) (1) thereof, 42 U.S.C.A. § 1107 (c) (1). Relying upon this exception in the act, this suit is filed in behalf of appellees and other members of a representative group of such producers who are alleged

*Rehearing denied June 4, 1938.

to be so numerous that it is impracticable to bring all of them before the court. The bill alleges that, unless an injunction is granted, they will be required to pay the taxes imposed by the act under threat of penalties provided in case of failure to file returns or pay taxes.

Oral testimony was introduced by appellees upon the hearing of the application for a preliminary injunction. It appeared that four of the seven appellees had paid taxes required under the act. No good reason appeared why the others had not done so, or why all may not pay and continue to pay, except that they consider themselves farmers and exempt under the section above mentioned. If appellees belong to the excepted class, no reason appears why those who have paid taxes under the act may not recover the same through administrative channels or by an action at law against the collecting officer. The mere illegality of the tax is insufficient to sustain an injunction restraining its collection.

There are three statutes prohibiting the remedies which appellees seek: Section 267 of the Judicial Code, 28 U.S.C.A. § 384, which is declaratory of the general rule that no suit in equity may be maintained in cases where there is a plain, adequate, and complete remedy at law; section 274d(1) of said code, 28 U.S.C.A. § 400(1), which excepts a decree with respect to federal taxes from the jurisdiction granted by the Declaratory Judgments Act; and section 3224 of the Revised Statutes, 26 U.S.C.A. § 1543, which provides that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court.

It is plain that appellees are seeking to restrain the collection of a tax. The act denominates it a tax and provides that it shall be collected "in addition to other taxes." It makes the employer liable for the payment of such tax and indemnifies him against the claims of any person for the amount of any such payment. 42 U. S.C.A. §§ 1001, 1002.

Some of the cases illustrative of the prohibition of suits of this character under said section 3224, and of the variety of grounds advanced and rejected by the courts as insufficient to justify injunctive relief, are the following: State Railroad Tax Cases, 92 U.S. 575, 23 L.Ed. 663; Snyder v. Marks, 109 U.S. 189, 3 S.Ct. 157, 27 L.Ed. 901; Dodge v. Osborn, 240

U.S. 118, 36 S.Ct. 275, 60 L.Ed. 557; Bailey v. George, 259 U.S. 16, 42 S.Ct. 419, 66 L.Ed. 816; Graham v. Du Pont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965; Red Star Yeast & Products Co. v. La Budde, 7 Cir., 83 F.2d 394; Huston v. Iowa Soap Co., 8 Cir., 85 F.2d 649, 108 A.L.R. 173, certiorari denied, 299 U.S. 594, 57 S.Ct. 119, 81 L.Ed. 437; Steinhagen Rice Milling Co. v. Scofield, 5 Cir., 87 F.2d 804, certiorari denied, 300 U.S. 663, 57 S.Ct. 494, 81 L.Ed. 872; Sheridan Flouring Mills v. Cassidy, 10 Cir., 87 F. 2d 20, certiorari denied, 300 U.S. 664, 57 S.Ct. 491, 81 L.Ed. 872; Beeland Wholesale Co. v. Davis, 5 Cir., 88 F.2d 447, certiorari denied, 300 U.S. 680, 57 S.Ct. 672, 81 L.Ed. 884; White Packing Co. v. Robertson, 4 Cir., 89 F.2d 775.

Cases permitting a stockholder to enjoin a corporation from paying an unconstitutional tax in a manner precluding recovery are not applicable since the Revenue Act of 1924, c. 234, 43 Stat. 253, removed the necessity of payment under protest as a condition precedent to a suit for refund. Moore Ice Cream Co. v. Rose, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265. Such cases, therefore, as Pollock v. Farmers' Loan & Trust Co., 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759, and Brushaber v. Union Pac. R. Co., 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493, L.R.A.1917D, 414, Ann. Cas.1917B, 713, no longer arise. Cases involving penalties are illustrated by Lipke v. Lederer, 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1061, and Regal Drug Corp. v. Wardell, 260 U.S. 386, 43 S.Ct. 152, 67 L.Ed. 318. The taxes imposed by the Social Security Act are not penalties, either in fact or in effect. The act is constitutional. Helvering v. Davis, 301 U.S. 619, 57 S. Ct. 904, 81 L.Ed. 1307, 109 A.L.R. 1319; Steward Machine Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L. R. 1293.

The situation of appellees is not comparable to that dealt with in Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422, where the Supreme Court held that a valid tax could by no legal possibility be assessed against the taxpayer, and that, by reason of the special and extraordinary circumstances, section 3224 did not apply. Appellees in the case at bar are employers who claim a doubtful exemption under an express provision of the taxing act. They may be covered by the act. They admit that they

are employers of labor and that they are seeking the benefit of an exemption which applies to employers of agricultural labor in a law taxing employers generally. The rule requiring liberal construction in favor of taxpayers as applied in the Nut Margarine Case is not applicable where an exemption is claimed. Cornell v. Coyne, 192 U.S. 418, 24 S.Ct. 383, 48 L.Ed. 504; Sun-Herald Corp. v. Duggan, 2 Cir., 73 F.2d 298, certiorari denied, 294 U.S. 719, 55 S.Ct. 546, 79 L.Ed. 1251; Retailer's Credit Ass'n v. Commissioner, 9 Cir., 90 F.2d 47, 111 A.L.R. 152.

In Regents of University System of Georgia v. Page, 5 Cir., 81 F.2d 577, as the majority viewed it, not only were there special and extraordinary circumstances, but the appellants were without remedy through ordinary administrative channels or by legal action in the courts. This, the majority held, was demonstrated by the fact that the Regents had actually paid the tax in former years, and filed a claim for refund which was denied on the ground that they had not borne the burden of any part thereof. The court in that case recognized that the enactment of the Act of March 2, 1867, 14 Stat. 475, § 10, which became Revised Statutes, § 3224, 26 U.S.C.A. § 1543, was merely declaratory of the prior rule that courts of equity will not restrain the collection of a tax upon the sole ground of its illegality; but it found the taxpayer to be without a plain, adequate, and complete remedy at law to pay the illegal tax and sue to recover it. These extraordinary and exceptional circumstances were held to be an independent ground sufficient to support injunctive relief in equity.

The appellees in the case at bar find themselves in no such plight. They are employers who have borne the burden of the tax at least in part; they are made liable for all of it by statute; and they are indemnified for the amount deducted from the employees' wages. We find no such special and extraordinary circumstances as are necessary to warrant injunctive relief. Irreparable injury will not result from paying the tax and proceeding to recover it in the ordinary way.

The order granting the preliminary injunction is reversed, the injunction dissolved, and the cause remanded to the District Court with directions to dismiss the bill, since section 3224 seems to be an insuperable obstacle to maintaining the suit. Smith v. Vulcan Iron Works, 165 U.S. 518, 17 S.Ct. 407, 41 L.Ed. 810; Metropolitan Water Co. v. Kaw Valley Drainage District, 223 U.S. 519, 32 S.Ct. 246, 56 L.Ed. 533; U. S. Fidelity & Guaranty Co. v. Bray, 225 U.S. 205, 32 S.Ct. 620, 56 L. Ed. 1055; Meccano, Ltd. v. John Wanamaker, 253 U.S. 136, 40 S.Ct. 463, 64 L. Ed. 822.

Reversed and remanded with directions to dismiss the bill.

FOSTER, Circuit Judge, dissents.