## In re ROYAL–WILHELM FURNITURE CO.
### Claims of COLLECTOR OF INTERNAL REVENUE FOR SOCIAL SECURITY TAXES.
#### No. 7300.

District Court, W. D. Michigan, S. D.
May 20, 1938.

Raymond H. Dresser, of Sturgis, Mich., for debtor.

Warner, Norcross & Judd, of Grand Rapids, Mich., for temporary trustee.

Shelby B. Schurtz, Asst. U. S. Atty., of Grand Rapids, Mich., for Collector of Internal Revenue.

RAYMOND, District Judge.

By the provisions of the order now before the court on review, the special master refused to allow the claim of the temporary trustee of debtor corporation that it is entitled to a credit of 90% upon the claims of the Collector of Internal Revenue, No. 391 and No. 439, respectively, under the provisions of Title IX, section 902 of the Federal Social Security Act (42 U.S.C. sec. 1102, 42 U.S.C.A. § 1102), which reads:

"The taxpayer may credit against the tax imposed by section 1101 of this chapter the amount of contributions, with respect to employment during the taxable year, paid by him (before the date of filing his return for the taxable year) into an unemployment fund under a State law. The total credit allowed to a taxpayer under this section for all contributions paid into unemployment funds with respect to employ-

ment during such taxable year shall not exceed 90 per centum of the tax against which it is credited, and credit shall be allowed only for contributions made under the laws of States certified for the taxable year as provided in section 1103 of this chapter."

The temporary trustee claims the right to this credit for 90%, conceding, however, that no payment has been made to the State of Michigan under the provisions of the Michigan Unemployment Compensation Act, Pub.Acts 1936, Ex.Sess., No. 1. Treasury Department regulations promulgated under the authority of the Act provide:

"The contributions must have been actually paid into the State unemployment fund before the date on which the return for the calendar year is required to be filed. (This date is January 31 next following the, close of the calendar year unless the time for filing the return is extended. * * *)"

Petitioner insists that the special master erred in failing to hold that the provisions of Title IX of the Social Security Act, section 901 et seq., 42 U.S.C.A. § 1101 et seq., constitute a penalty within the meaning of the Bankruptcy Act and that the imposition thereof therefore becomes unconstitutional under the rule of United States v. Constantine, 296 U.S. 287, 56 S. Ct. 223, 80 L.Ed. 233.

Petitioner argues that it is patently unjust to require a corporation which is taking advantage of the provisions of section 77B of the Acts of Congress relating to bankruptcy, 11 U.S.C.A. § 207, to pay such a penalty simply because it was unable to actually make a payment into state unemployment funds. The error of this contention lies in the fact that neither the law as enacted by Congress nor the regulations promulgated thereunder make any such exception. The lack of equity and of equality in the administration of laws relating to taxation has long been recognized. Relief from such injustice, however, must be sought from the legislative bodies and not from the courts.

It is further to be noted that trial courts should limit the exercise of their power to declare acts of Congress unconstitutional to cases in which such unconstitutionality is clear, such power belonging peculiarly to appellate courts. See In re Moore, D.C., 8 F.Supp. 393; In re Coller,

D.C., 8 F.Supp. 447; Franklin Process Co. v. Hoosac Mills Corporation, D.C., 8 F. Supp. 552. As was said in the Franklin Process Case, page 562—

" * * * But probably no presumption is more thoroughly established than the presumption that an enactment by a legislative body does not transcend the powers possessed by that body. Erie R. Co. v. Williams, 233 U.S. 685, 699, 34 S.Ct. 761, 58 L.Ed. 1155, 51 L.R.A. (N.S.) 1097; Mountain Timber Co. v. Washington, supra [243 U.S. 219, 37 S.Ct. 260, 61 L.Ed. 685, Ann.Cas.1917D, 642]; United States v. L. Cohen Grocery Co., 255 U.S. 81, 41 S.Ct. 298, 65 L.Ed. 516, 14 A.L.R. 1045. * * *"

See, also, Larabee Flour Mills Co. v. Nee, D.C., 12 F.Supp. 395, 402, where Judge Otis comments—

"Every statute regularly enacted by the Congress is presumed to be constitutional. No statute is to be declared unconstitutional unless it appears beyond reasonable doubt to be so. * * *"

See, also, Paramino Lumber Co.v. Marshall, D.C., 18 F.Supp. 645, 648; Sparks v. Hart Coal Corporation, 6 Cir., 74 F.2d 697.

These principles are peculiarly pertinent when Congress has legislated upon the subject of taxation. In the case of Mather v. MacLaughlin, D.C., 57 F.2d 223, 225, the principle is well stated—

"We have been asked to find that this act is unconstitutional. This we decline to do. One reason for the refusal we state with diffidence, because in entertaining it we are out of accord with those who think the position to be untenable because illogical. The position taken is that the question of the constitutionality of an act of Congress is best left to the appellate courts and that a trial court should not annul an act unless it is in conflict with some plain mandate of the Constitution. This is not a rule of law but of judicial policy. We are further not in accord with the arguments urged upon us supporting the unconstitutionality of this act. Congress was legislating upon the subject of taxation—a subject of legislation expressly committed to and emphatically belonging to it and to it alone. * * *"

Moreover, previous attacks upon the constitutionality of this act have been uniformly unsuccessful. See Chas. C. Steward Mach. Co. v. Davis, 5 Cir., 89 F.2d 207; Id., 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293; Beeland Wholesale

Co. v. Davis, D.C., 17 F.Supp. 529; Id., 5 Cir., 88 F.2d 447; Howes Brothers Co. v. Massachusetts Unemployment Compensation Commission, Mass., 5 N.E.2d 720; Id., 300 U.S. 657, 57 S.Ct. 434, 81 L.Ed. 867. In the only cases in which the issue here has been clearly presented, the result has been against the contentions of debtor. See In re Richmaid Creameries Inc.,[1] U.S. Dist. Court, Cal., Dec. 7, 1937; In re W. B. Hunt Co., Bankrupt[1] (Referee in Bankruptcy) E. District Mass. Jan. 5, 1938.

An order will be entered affirming the findings and order of the special master.

[1] No opinion for publication.