## In re ILLINOIS ART INDUSTRIES, Inc.
### No. 7487.

District Court, W. D. Michigan, S. D.
April 21, 1939.

Smith, Strawhecker & Wetmore, of Grand Rapids, Mich., for trustee.

Shelby B. Schurtz, Asst. U. S. Atty., of Grand Rapids, Mich., and Arnold W. Lungerhausen, Deputy Collector of Internal Revenue, of Detroit, Mich., for claimant.

RAYMOND, District Judge.

This matter is before the court upon petition for review of an order of the referee in bankruptcy allowing four claims of the Collector of Internal Revenue for Social Security taxes as priority tax claims. In reliance upon the decision of this court in the Matter of Royal Wilhelm Furniture Company, 23 F.Supp. 993, filed May 20, 1938, he refused to sustain the objections of the trustee which urged that 90% of the taxes sought to be enforced constituted a penalty under section 57j of the Bankruptcy Act, 11 U.S.C.A. § 93(j).

The facts are sufficiently stated in the referee's findings. The only question before this court relates to the referee's holding that the denial of the credit of 90% which the taxpayer is entitled to take for contributions which he has made to an unemployment fund under the laws of his state does not constitute a penalty under section 57j.

Careful consideration of the case of Chas. C. Steward Mach. Co. v. Davis, 5 Cir., 89 F.2d 207, and of Steward Machine Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, is convincing that the denial of credit is not to be construed as a penalty. The decision of the Circuit Court of Appeals definitely declares that the credit is not a penalty on the tax-

payer. It is there said, 89 F.2d at page 210: "The credit is not a penalty or coercion on the taxpayer. If his State has no unemployment relief law, his not getting the credit is not a punishment for any act of his. Not having contributed through his State to meet the unemployment peril, he merely contributes fully through the federal government. As an employer he contributes about the same whether his State does or does not have an unemployment relief law. This equalization of the burden also tends to enable the States to pass such laws without exposing their citizen employers to a difficult business competition with employers in States which have none. There is thus a relief to the States from an embarrassment in their legislation on these lines, which frees rather than coerces them."

The affirmance of this case by the Supreme Court of the United States and that court's refusal to adopt the argument of petitioner to the effect that no grant by Congress is justified if its non-acceptance results in a penalty is convincing that the Supreme Court declined to adopt the view that the denial of credit is, in fact, a penalty. The court said, 301 U.S. at page 589, 57 S.Ct. at page 892, 81 L.Ed. 1279: "The difficulty with the petitioner's contention is that it confuses motive with coercion. 'Every tax is in some measure regulatory. To some extent it interposes an economic impediment to the activity taxed as compared with others not taxed.' Sonzinsky v. United States, supra [300 U. S. 506, 57 S.Ct. 554, 81 L.Ed. 772]. In like manner every rebate from a tax when conditioned upon conduct is in some measure a temptation. But to hold that motive or temptation is equivalent to coercion is to plunge the law in endless difficulties."

The court says further: " * * * In the tender of this credit Congress does not intrude upon fields foreign to its function. The purpose of its intervention, as we have shown, is to safeguard its own treasury and as an incident to that protection to place the states upon a footing of equal opportunity. Drains upon its own resources are to be checked; obstructions to the freedom of the states are to be leveled. It is one thing to impose a tax dependent upon the conduct of the taxpayers, or of the state in which they live, where the conduct to be stimulated or discouraged is unrelated to the fiscal need subserved by the tax in its normal operation, or to any

other end legitimately national. The Child Labor Tax Case, 259 U.S. 20, 42 S. Ct. 449, 66 L.Ed. 817, 21 A.L.R. 1432, and Hill v. Wallace, 259 U.S. 44, 42 S.Ct 453, 66 L.Ed. 822, were decided in the belief that the statutes there condemned were exposed to that reproach. Cf. United States v. Constantine, 296 U.S. 287, 56 S.Ct. 223, 80 L.Ed. 233. It is quite another thing to say that a tax will be abated upon the doing of an act that will satisfy the fiscal need, the tax and the alternative being approximate equivalents."

The trustee places much reliance upon the case of Carter v. Carter Coal Co., 298 U.S. 238, 56 S.Ct. 855, 80 L.Ed. 1160. In that case, the exaction was of an entirely different nature. It was a compulsion upon the taxpayer and was a penalty as the Supreme Court clearly held. 298 U. S. at page 289, 56 S.Ct. 855, 80 L.Ed. 1160. Punishment of the taxpayer was the controlling motive. There is a distinction between the imposition of a penalty for the non-performance of an act within a specified time, and the denial of credit or favor where the taxpayer has failed to perform the condition which under the statute entitles him to that credit or favor. The one is a punishment for failure to pay taxes while the other denies a credit on taxes undeniably valid. It may be true that either results unfavorably to the taxpayer, but the motive of a legislative body in prescribing a penalty for a non-payment of taxes is the punishment of the taxpayer. The result of denial of credit may in some cases be punishment, but where other motives for such denial of credits have been judicially ascertained and the penalty motive denied, this court may not, in the absence of clear justification therefor, hold it to be a penalty where it clearly appears that such denial is merely incidental to the controlling purpose. Sufficient basis for upholding the findings of the referee, however, are found in the fact that the Supreme Court has sustained the finding of the Circuit Court of Appeals to the effect that the credit provided for in the Social Security Act, 42 U.S.C.A. § 301 et seq., does not constitute a penalty upon the taxpayer.

It being the view of the court that the taxes here claimed do not, in whole or in part, constitute a penalty under section 57j of the Bankruptcy Act, an order may be entered affirming the findings and order of the referee.