## KAUS v. HUSTON, Collector of Internal Revenue.

### No. 11907.

Circuit Court of Appeals, Eighth Circuit.

June 9, 1941.

Don H. Jackson and Oscar E. Johnson, of Council Bluffs, Iowa (William E. Mitchell, of Council Bluffs, Iowa, on the brief), for appellant.

F. E. Youngman, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Sp. Asst. to the Atty. Gen., Tobias E. Diamond, U. S. Atty., of Sheldon, Iowa, and William B. Danforth, Asst. U. S. Atty., of Mason City, Iowa, on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The appellant brought this action to enjoin the collection of taxes assessed against him under Titles VIII and IX of the Social Security Act, 42 U.S.C.A. § 1001 et seq., and § 1101 et seq., § 1400 et seq., and § 1600 et seq., Tit. 26, U.S. C.A., Int.Rev.Code, as amended, asserting the illegality of the taxes, that the collection of them would cause him irreparable injury and would threaten the ultimate ruin of his business, and that he is without an adequate remedy at law. From a decree dismissing his complaint, he has appealed.

The appellant resides in Council Bluffs, Iowa, where he does business as the United Cab Company. He has ten automobiles which are operated as taxicabs by twenty drivers, ten of whom work for twelve hours and are then succeeded by the other ten. Each driver, at the beginning of his twelve-hour shift, pays the appellant $3 and at the end of his shift reimburses appellant for gasoline consumed and for repairs, if any, necessitated by the driver's use of the automobile. The appellant is licensed by the City to conduct a taxicab business. The drivers of the cabs are licensed as chauffeurs. Calls for cabs are received and transmitted by two switchboard operators employed by appellant, who also employs a mechanic to keep the cabs in operating condition. The appellee, Collector of Internal Revenue, upon the theory that appellant was the operator of the cabs and that the men who drove them were his employees, assessed a tax of $508.-38 against him for the period April, 1937,

to and including March, 1940, under Title VIII of the Social Security Act, and a tax of $642.15 for the years 1937 to 1939, inclusive, under Title IX of the Act, and filed liens for these assessments. The appellant denies that he is the operator of a taxicab business and the employer of the drivers, and asserts that his business consists of renting automobiles for use as taxicabs, that the drivers are lessees or bailees for hire of his cars, and that he has no direction or control over their operations of his cabs.

The Collector, by motion to dismiss and in his answer, challenged the right of the appellant to maintain this action, in view of § 3653, Title 26, U.S.C.A. Int.Rev.Code, which provides that " * * * no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court", and in view of the fact that appellant was not precluded from paying the taxes, seeking a refund, and, if that were denied, bringing suit to recover them. The Collector also denied that the taxes were illegal and that the appellant did not owe them.

 The court below in its findings determined that the appellant was the operator of the cabs and the employer of the drivers, and concluded that he had failed to establish a case entitling him to an injunction. Whether the appellant was, under the stipulation of facts and the evidence upon which the case was submitted, a lessor, a bailor or an operator of taxicabs, and whether the drivers were his employees or lessees or bailees of the cabs, we think it was, and is, not necessary to decide, since it is our opinion that the court lacked jurisdiction to enjoin the collection of these taxes because of § 3653, Tit. 26, U.S.C.A. Int.Rev. Code, and because the appellant had an adequate remedy at law.[1]

 It is true that where a complainant demonstrates that what purports to be a tax is merely an exaction in the guise of a tax and that there are special and extraordinary circumstances which bring the case under some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collection of the pseudo-tax. Miller v. Standard Nut Mar-

garine Co., 284 U.S. 498, 509, 52 S.Ct. 260, 76 L.Ed. 422. The validity of the taxing act under which the assessments against appellant were made has been sustained. Steward Machine Co. v. Davis. 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293; Helvering v. Davis, 301 U.S. 619, 57 S.Ct. 904, 81 L.Ed. 1307, 109 A.L.R. 1319. The assessments are for taxes, and not for exactions in the guise of taxes. The appellant may not owe them, but that does not change their nature, nor is nonliability a special or extraordinary circumstance. This case presents the ordinary situation of a taxpayer resisting payment of taxes which he believes that he does not owe. That the appellant is in poor financial condition, that it will be a hardship upon him to pay the taxes and sue for their recovery, that to compel him to pay them threatens ultimate ruin to his business, and that a court of Iowa has ruled that appellant was not an employer of the drivers of his cars and was not liable for contributions under the Iowa Unemployment Compensation Law, Chap. 77.2, Code of Iowa, 1939, § 1551.07 et seq., we do not regard as "special and extraordinary circumstances" which would justify the maintenance of this action to enjoin the collection of these taxes. In Huston v. Iowa Soap Co., 8 Cir., 85 F.2d 649, 653, 108 A.L.R. 173, certiorari denied, 299 U.S. 594, 57 S.Ct. 119, 81 L.Ed. 437, this Court thoroughly considered and discussed the question of the power of a court of equity to enjoin collection of taxes claimed to be illegal and to threaten the destruction of a taxpayer's business. No useful purpose would be served by repeating what was said in that case. See, also, Beeland Wholesale Co. v. Davis, 5 Cir., 88 F.2d 447, certiorari denied, 300 U.S. 680, 57 S.Ct. 672, 81 L.Ed. 884; Alpha Portland Cement Co. v. Davis, 5 Cir., 88 F.2d 449, certiorari denied, 300 U.S. 681, 57 S.Ct. 674, 81 L. Ed. 884; Allen v. Shelton, 5 Cir., 96 F. 2d 102, certiorari denied, 305 U.S. 630, 59 S.Ct. 94, 83 L.Ed. 404.

Our conclusion is that, for the reasons we have stated, the appellant could not maintain this action, and that his complaint was properly dismissed. The decree appealed from is affirmed.

---

[1] Dodge v. Osborn, 240 U.S. 118, 120, 121, 36 S.Ct. 275, 60 L.Ed. 557; Graham v. DuPont, 262 U.S. 234, 254, 43 S. Ct. 567, 67 L.Ed. 965; Helvering v. Davis, 301 U.S. 619, 639, 57 S.Ct. 904, 81 L.Ed. 1307, 109 A.L.R. 1319.