**MISSOURI VALLEY INTERCOLLEGIATE ATHLETIC ASSOCIATION, sometimes referred to as the Big Eight Conference, Plaintiff,**

v.

**E. O. BOOKWALTER, District Director of Internal Revenue for the Western District of Missouri, Defendant.**

No. 12200.

United States District Court
W. D. Missouri, W. D.

June 10, 1959.

On Motion for New Trial, Etc.
June 30, 1959.

---

** Now 8 U.S.C.A. § 1203.

451

Charles W. Hess, Terrell, Hess, Van Osdol & Magruder, Kansas City, Mo., for plaintiff.

Edward L. Scheufler, U. S. Atty., Horace Warren Kimbrell, Asst. U. S. Atty., Kansas City Mo., Charles K. Rice, Asst. Atty. Gen., Richard M. Roberts, John J. Gobel, Attorneys, Department of Justice, Washington, D. C., on briefs, for defendant.

RIDGE, District Judge.

█ From the facts revealed by the instant complaint (which are not complicated or difficult of understanding), the Court is of the opinion that plaintiff's action "for abatement of withholding and F.I.C.A. tax assessed and for equitable relief," is ruled by Kaus v. Huston, 8 Cir., 1941, 120 F.2d 183, and that plaintiff cannot maintain this action in light of the provisions of Section 7421 of the Internal Revenue Code of 1954. 26 U.S.C.A., 1952 ed., Supp. II, Sec. 7421.

Plaintiff has its officers in this district which is within the Internal Revenue District for the Western District of Missouri. It is alleged in the complaint that plaintiff Association was created "for the purpose of controlling and managing intercollegiate athletics in the institutions of the Association." As such, it can only be inferred that it is a business association to some extent. The issue here presented is whether some individuals who participate in the events which plaintiff controls and manages are its employees, although not paid by it "with minor exceptions." Such exceptions are stated in paragraph four of the complaint.

The above salient facts, together with other facts revealed by the complaint, seemingly bring the instant claim, including the allegations as to irreparable injury, clearly within the ruling of the Kaus case, supra. The fact that "the engagements involved in this claim were held outside the jurisdiction of the defendant and the funds never came into his jurisdiction" seemingly would not militate against an assessment of the tax in question, when plaintiff has its offices within defendant's district "which is under supervision of the Executive Director of the Association."

Defendant's motion to dismiss this action must be sustained.

It is so ordered.

### On Motion for New Trial to Reconsider and Set Aside Order Sustaining Motion to Dismiss

In ruling defendant's motion to dismiss, the Court did not overlook the allegations in Paragraph IV, page 2, and Paragraph VI, page 3, of plaintiff's complaint. Such ruling was made and the conclusion therefor reached, notwithstanding the presumptive truth of such allegations, on the authority of the Eighth Circuit Court of Appeals in Kaus v. Huston, 120 F.2d 183, 185, and cases therein cited.

█ Whether the officials in question were, or were not, employees of plaintiff, the Kaus case holds that where the assessment is "for taxes, and not for exactions in the guise of taxes" the "court lack(s) jurisdiction to enjoin the collection of these taxes" under the Internal Revenue Code; and that under circumstances tantamount to those stated in the instant complaint, the same cannot be regarded as special conditions which would justify the maintenance of this action.

█ We consider the rule of the Eighth Circuit, as laid down in the Kaus case, as binding on this District Court. What may be the rule existing in other Circuits as to what may be considered as "special conditions" that would au-thorize equity to assume jurisdiction in the premises, cannot control the ruling to be made in defendant's motion to dismiss, in the face of the Kaus case.

Plaintiff's motion for new trial and to reconsider and set aside the Court's order sustaining defendant's motion to dismiss must be overruled.

It is so ordered.