## In re INDEPENDENT AUTOMOBILE FORWARDING CORPORATION.
### No. 27444.

District Court, W. D. New York.
June 19, 1939.

George L. Grobe, U. S. Atty., of Buffalo, N. Y., for the United States.

John J. Bennett, Jr., Atty. Gen., of New York (W. Gerard Ryan and Francis R. Curran, Asst. Attys. Gen., of counsel), for the State of New York.

J. Francis Harter, of Buffalo, N. Y., for trustee.

KNIGHT, District Judge.

Both the United States and the State of New York (hereinafter called State) have presented claims for unpaid taxes in this estate. The claim of the State of New York is based upon a contribution due from bankrupt to New York State Unemployment Insurance fund for 1937, and the amount is $3,305.28, with interest. The United States' claim aggregates $6,589.68. Of this amount, $3,400.49 is imposed under Title IX, §§ 1101–1110, inclusive, of Title 42, U.S.C. (Social Security Act), 42 U.S.C.A. §§ 1101–1110, for the year 1937.

The state objects to the allowance of the claim of the United States in the last-mentioned amount, and by stipulation of the parties the objection is submitted to this Court for determination in the first instance. There is no dispute on the facts, and the sole question is whether the failure of the Trustee to pay into the New York Unemployment Insurance Fund the tax imposed by Section 1101 of the Social Security Act makes the estate liable to pay the full amount of the tax imposed by such section. Section 1102 of the last-mentioned act provides that the taxpayer (employer) "may credit against the tax imposed by section 1101 [of this chapter] the amount of contributions * * * by him (before the date of filing his return for the taxable year) into any unemployment fund under a State law" and that "The total credit allowed * * * for all contributions paid * * * during such taxable year shall not exceed 90 per centum of the tax against which it is credited." Such credit is allowed only in a state certified as provided by Section 1103. New York concededly is a state so certified. The date fixed by Section 1105 for filing a return with the Collector of Internal Revenue is January 31 following the taxable year. The petition of the debtor for reorganization under the provisions of section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, was filed on December 6, 1937, and thereupon the trustee was authorized to run the business of the debtor. An order was made on January 31, 1938, liquidating the business. No tax was ever paid to the state, as appears from the state's claim filed herein.

The state contends that payment of 90 percentum of the tax assessed under the

Social Security Act is prohibited by section 57j of the Bankruptcy Act, 11 U.S.C.A. § 93(j). Concededly if it is a penalty, it is unenforceable.

■■ The precise question here presented has been considered by the courts in numerous cases. It is natural that many would arise in cases brought under the Bankruptcy Act. The decisions are not in harmony. In re Standard Composition Co., D.C., 23 F.Supp. 391; Matter of Gahran Buick Co., Inc.,[1] decided Dec. 1, 1938, Cooper, D. J. N. D. of N. Y.; In re Hy-Grade Meat & Grocery Co., D.C., 26 F.Supp. 294; and certain decisions by Referees in Bankruptcy, hold that this tax is a penalty, and therefore not allowable as a claim in bankruptcy. These decisions seem to rely mainly upon the opinions of Carter v. Carter Coal Co., 298 U.S. 238, 56 S.Ct. 855, 80 L.Ed. 1160; and Child Labor Tax Case, 259 U.S. 20, 42 S.Ct. 449, 66 L.Ed. 817, 21 A.L.R. 1432; and comparable cases, but the distinction is plain. The credit allowed was for the benefit of the states to enable employers in one having a state employment fund to stand on a more equal basis as regards taxation with the employers of states having no state unemployment fund. In Carter v. Carter Coal Co., supra, the statute was directed to the taxpayer to compel him to submit to price fixing and labor provisions of the Act. There it was held that the so-called "excise tax" was a penalty to coerce submission of the taxpayer to price fixing and labor conditions. Section 1101, supra, describes the tax as an "excise tax." It is quite true that the court rightly may look beyond this designation to the entire act to determine its particular character, whether it is a tax for revenue or a penalty. Child Labor Tax Case, supra; In re J. Menist & Co., Inc., 2 Cir., 290 F. 947. It is thought that the tax in question is not a penalty when it is considered in connection with its purpose. As in accord with this conclusion we may cite: Matter of Royal-Wilhelm Furniture Co., D.C., 23 F.Supp. 993; In re Illinois Art Industries, D.C., 27 F.Supp. 334; Steward Mach. Co. v. Davis, 5 Cir., 89 F.2d 207; Id., 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293; Allen v. Shelton, 5 Cir., 96 F.2d 102; In re Richmaid Creameries, Inc.,[1] S.D. of Cal. decided Dec. 7, 1937; In re Great Northern Hat Co., Inc.,[1] S.D.N.Y., decided March 28, 1938. In certain of these cases the facts are comparable with those presented here. In others, the conclusion is fairly drawn that the courts did not consider the tax as a "penalty." In re Richmaid Creameries, Inc. was reversed on stipulation of parties. 9 Cir., 97 F.2d 992. We are not informed as to the reason for such stipulation. It is urged that decision in Great Northern Hat Co., Inc., supra, is not in point. The Referee described the tax as a "penalty." Briefs of both parties on appeal presented the question as to whether the tax was a "penalty." The conclusion of the District Judge was that the claim was valid. Further, the court found support for its opinion in the Richmaid Creameries, Inc., case and in the case of In re W. B. Hunt Co., decision by Referee, D. C. of Mass. Jan. 5, 1938, both of which held that the tax was not a "penalty." In Steward Mach. Co. v. Davis, 5 Cir., 89 F. 2d 207, 210, supra, in discussing the provisions of Title IX touching credits and conditions of credit, it was said: "The credit is not a penalty or a coercion on the taxpayer. If his State has no unemployment relief law, his not getting the credit is not a punishment for any act of his. Not having contributed through his State to meet the unemployment peril, he merely contributes fully through the federal government. * * * There is thus a relief to the States from an embarrassment in their legislation on these lines, which frees rather than coerces them." In Allen v. Shelton, supra, in the prevailing opinion, it is said [96 F.2d 103]: "The taxes imposed by the Social Security Act are not penalties, either in fact or in effect." It is thought that the opinion in Steward Mach. Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293, supra, when read in its entirety, supports the statement that the Supreme Court viewed the tax as one for revenue; not for a penalty.

The claim of the United States is allowable in full, and both the United States and the State of New York are entitled to share pari passu in the fund remaining in the hands of the trustee.

---

[1] No opinion for publication.